UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2010
DECEMBER 7, 2010 SESSION



FILED
DEC - 7 2010
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:10-cr-00217
30 U.S.C. § 820(f)

NEIL A. HASEN

**I N D I C T M E N T**

The Grand Jury Charges:

**COUNT ONE**

(False Statement, Representation,
and Certification in MSHA Document)

### Background

1. At all relevant times, Big River Mining, LLC, was engaged in the business of operating an underground mine in Mason County, West Virginia, within the Southern District of West Virginia, known as the Broad Run Mine, whose products and operations affected interstate commerce. As such, Big River Mining, LLC, was subject to the provisions of the Federal Mine Safety and Health Act of 1977 ("the Mine Act") and to the regulations promulgated thereunder, including the mandatory safety standards in Title 30, Code of Federal Regulations.

2. At all relevant times, Title 30, Code of Federal Regulations, Section 75.360 required that a certified person

conduct a pre-shift examination of any underground area where any person was scheduled to work or travel. It also required that the certified person certify that the examination was completed. Title 30, Code of Federal Regulations, Section 75.362 required that a certified person conduct an on-shift examination of each section where any person was assigned to work during the shift or where mechanized mining equipment was being installed or removed during a shift. It also required that the certified person certify that the examination had been completed. Further, Title 30, Code of Federal Regulations, Section 75.100 defined a certified person as one who had been certified as a mine foreman, an assistant mine foreman, or a pre-shift examiner.

3. On or about January 24, 2009, defendant NEIL A. HASEN applied for a job with Big River Mining, LLC.

4. In his written application for employment with Big River Mining, LLC, defendant NEIL A. HASEN, checked the box on the application representing that he had a mine foreman's certificate.

5. After receiving defendant NEIL A. HASEN's application in January 2009 and prior to February 2, 2009, Big River Mining, LLC, hired NEIL A. HASEN to perform foreman duties, including conducting pre-shift and on-shift examinations at the Broad Run Mine, based on the false information he provided in his application. Contrary to his assertion on his application, defendant NEIL A. HASEN did not

have a mine foreman or assistant mine foreman's certificate in January and February of 2009.

6. Defendant NEIL A. HASEN worked as an Assistant Mine Foreman at the Broad Run mine between February 4, 2009 and February 24, 2009. During this time period, he signed numerous pre-shift and on-shift reports certifying that he had properly examined the #1 Left section of the Broad Run Mine.

7. On each pre-shift and on-shift report that he signed, defendant NEIL A. HASEN falsely listed his foreman's certification number as 36378. This foreman's number did not belong to defendant NEIL A. HASEN and was in fact held by another individual.

8. On or about February 23, 2009, defendant NEIL A. HASEN was asked to produce proof and documentation of his foreman's certificate. He worked for the next two days, February 23 and 24, 2009, without producing his certificate. On or about February 25, 2009, he was again asked for proof of his certification. When he did not provide this proof, he was asked to leave the mine and return in the morning with the documentation. Defendant NEIL A. HASEN never reported back to the mine.

### The Violation

9. On or about February 4, 2009, at or near New Haven, Mason County, West Virginia, within the Southern District of West Virginia, defendant NEIL A. HASEN knowingly made a false statement, representation, and certification in a record, report and other

document filed and required to be maintained pursuant to Chapter 22 of Title 30 of the United States Code, that is: defendant NEIL A. HASEN falsely stated, represented, and certified in the on-shift report for the Broad Run Mine that he was certified to properly examine a section of the Broad Run Mine by signing his name as an assistant mine foreman and entering a foreman's certificate number when, in fact, and as defendant NEIL A. HASEN knew at that time, he was not certified to make such an examination.

In violation of Title 30, United States Code, Section 820(f).

COUNT TWO

(False Statement, Representation,
and Certifications in an MSHA Document)

1. Paragraphs One through Eight of Count One of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

2. On or about February 9, 2009, at or near New Haven, Mason County, West Virginia, within the Southern District of West Virginia, defendant NEIL A. HASEN did knowingly make a false statement, representation, and certification in a record, report and other document filed and required to be maintained pursuant to Chapter 22 of Title 30 of the United States Code, that is: defendant NEIL A. HASEN falsely stated, represented, and certified in the pre-shift report for the Broad Run Mine that he was certified to properly examine a section of the Broad Run Mine by signing his name as a pre-shift examiner and entering a foreman's certificate number when, in fact, and as defendant NEIL A. HASEN knew at that time, he was not certified to make such an examination.

In violation of Title 30, United States Code, Section 820(f).

## COUNT THREE

### (False Statement, Representation, and Certification in an MSHA Document)

1. Paragraphs One through Eight of Count One of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

2. On or about February 12, 2009, at or near New Haven, Mason County, West Virginia, within the Southern District of West Virginia, defendant NEIL A. HASEN knowingly made a false statement, representation, and certification in a record, report and other document filed and required to be maintained pursuant to Chapter 22 of Title 30 of the United States Code, that is: defendant NEIL A. HASEN falsely stated, represented, and certified in the on-shift report for the Broad Run Mine that he was certified to properly examine a section of the Broad Run Mine by signing his name as an assistant mine foreman and entering a foreman's certificate number when, in fact, and as defendant NEIL A. HASEN knew at that time, he was not certified to make such an examination.

In violation of Title 30, United States Code, Section 820(f).

## COUNT FOUR

### (False Statements, Representations, and Certifications in MSHA Documents)

1. Paragraphs One through Eight of Count One of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

2. On or about February 23, 2009, at or near New Haven, Mason County, West Virginia, within the Southern District of West Virginia, defendant NEIL A. HASEN knowingly made a false statement, representation, and certification in a record, report and other document filed and required to be maintained pursuant to Chapter 22 of Title 30 of the United States Code, that is: defendant NEIL A. HASEN falsely stated, represented, and certified in the pre-shift report for the Broad Run Mine that he was certified to properly examine a section of the Broad Run Mine by signing his name as a pre-shift examiner and entering a foreman's certificate number when, in fact, and as defendant NEIL A. HASEN knew at that time, he was not certified to make such an examination.

In violation of Title 30, United States Code, Section 820(f).

## COUNT FIVE

### (False Statements, Representations, and Certifications in MSHA Documents)

1. Paragraphs One through Eight of Count One of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

2. On or about February 24, 2009, at or near New Haven, Mason County, West Virginia, within the Southern District of West Virginia, defendant NEIL A. HASEN knowingly made a false statement, representation, and certification in a record, report and other document filed and required to be maintained pursuant to Chapter 22 of Title 30 of the United States Code, that is: defendant NEIL A. HASEN falsely stated, represented, and certified in the pre-shift report for the Broad Run Mine that he was certified to properly examine a section of the Broad Run Mine by signing his name as a pre-shift examiner and entering a foreman's certificate number when, in fact, and as defendant NEIL A. HASEN knew at that time, he was not certified to make such an examination.

In violation of Title 30, United States Code, Section 820(f).

R. BOOTH GOODWIN II
United States Attorney

By: *[signature]*
BLAIRE L. MALKIN
Assistant United States Attorney