

**U.S. Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East, Suite 4000*
*Charleston, WV 25301*
*FAX: (304) 347-5104*

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326-1713*
*(304) 345-2200*
*1-800-659-8726*

February 22, 2011

MAR - 7 2011

Mary Lou Newberger
Federal Public Defender
300 Virginia Street, East
Charleston, West Virginia  25301

      Re:  United States v. Neil A. Hasen
            Criminal No. 3:10-00217 (USDC SDWV)

Dear Ms. Newberger:

    This will confirm our conversations with regard to your client, Neil A. Hasen (hereinafter "Mr. Hasen"). As a result of these conversations, it is agreed by and between the United States and Mr. Hasen as follows:

    1.  **PENDING CHARGES.** Mr. Hasen is charged in a five-count indictment, charging him with violations of 30 U.S.C. § 820(f) (false statements on MSHA documents).

    2.  **RESOLUTION OF CHARGES.** Mr. Hasen will plead guilty to Count One of said indictment, which charges him with a violation of 30 U.S.C. § 820(f). Following final disposition, the United States will move the Court to dismiss Counts Two, Three, Four and Five in Criminal No. 3:10-00217.

    3.  **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Hasen will be exposed by virtue of this guilty plea is as follows:

        (a)  Imprisonment for a period of 5 years;

        (b)  A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

*NH*
Defendant's
initials

Mary Lou Newberger
February 22, 2011
Page 2                                    Re:  Neil A. Hasen

    (c)  A term of supervised release of 3 years;

    (d)  A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

    (e)  An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement.

    4.  **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Mr. Hasen will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Hasen will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Hasen fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Hasen.

    5.  **PAYMENT OF MONETARY PENALTIES.** Mr. Hasen agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Hasen further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    6.  **COOPERATION.** Mr. Hasen will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision,

NH<br>Defendant's<br>initials

Mary Lou Newberger
February 22, 2011
Page 3                                                Re:  Neil A. Hasen


Mr. Hasen may have counsel present except when appearing before a grand jury.

    7.    **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Hasen, and except as expressly provided for in paragraph 9, nothing contained in any statement or testimony provided by Mr. Hasen pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

    8.    **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Hasen for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Hasen for perjury or false statement if such a situation should occur pursuant to this agreement.

    9.    **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Hasen stipulate and agree that the facts comprising the offenses of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Hasen agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by Mr. Hasen, and he is subsequently tried on any of the charges in the indictment, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Hasen or of any of his witnesses, or in rebuttal of any testimony introduced by Mr. Hasen or on his behalf. Mr. Hasen knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void

*NH*
Defendant's
initials

Mary Lou Newberger
February 22, 2011
Page 4                                        Re:   Neil A. Hasen


due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Hasen understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

10. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** The parties retain the right to seek appellate review of the District Court's determination of the Sentencing Guideline range, if an objection is properly preserved. Nonetheless, Mr. Hasen knowingly and voluntarily waives his right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court on any other ground, so long as that sentence is below or within the Sentencing Guideline range determined by the District Court prior to any departure or variance. Similarly, the United States waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court on any other ground, so long as that sentence is within or above the Sentencing Guideline range determined by the District Court prior to any departure or variance.

Mr. Hasen also knowingly and voluntarily waives the right to challenge his guilty plea and his convictions resulting from this plea agreement, and any sentence imposed for the convictions, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

11. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Hasen knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of

_NH_
Defendant's initials

Mary Lou Newberger
February 22, 2011
Page 5                                              Re:   Neil A. Hasen


Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

    12. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

    (a)  Inform the Probation Office and the Court of all relevant facts and conduct;

    (b)  Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c)  Respond to questions raised by the Court;

    (d)  Correct inaccuracies or inadequacies in the presentence report;

    (e)  Respond to statements made to the Court by or on behalf of Mr. Hasen;

    (f)  Advise the Court concerning the nature and extent of Mr. Hasen's cooperation; and

    (g)  Address the Court regarding the issue of Mr. Hasen's acceptance of responsibility.

    13. **VOIDING OF AGREEMENT.** If either the United States or Mr. Hasen violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

    14. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Hasen in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Hasen in any Court other than the United States District Court for the Southern District of West Virginia.

 

_NH_
Defendant's initials

Mary Lou Newberger
February 22, 2011
Page 6                                              Re:   Neil A. Hasen

      Acknowledged and agreed to on behalf of the United States:

                                R. BOOTH GOODWIN II
                                United States Attorney

                    By:     *[signature]*
                                BLAIRE L. MALKIN
                                Assistant United States Attorney

BLM/fgc

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this six-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          3-1-11
NEIL A. HASEN                       Date Signed
Defendant

_____          1 March 2011
MARY LOU NEWBERGER                  Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

**UNITED STATES OF AMERICA**

v.                              CRIMINAL NO. 3:10-cr-00217

**NEIL A. HASEN**

## STIPULATION OF FACTS

The United States and Neil A. Hasen (hereinafter "Mr. Hasen") stipulate and agree that the facts comprising the offense of conviction (Count One of the Indictment) include the following:

Big River Mining, LLC operated the Broad Run Mine, an underground mine in New Haven, Mason County, West Virginia, within the Southern District of West Virginia, whose products and operations affected interstate commerce. Therefore, Big River Mining, LLC was subject to the provisions of the Federal Mine Safety and Health Act of 1977 ("the Mine Act") and to the regulations promulgated thereunder, including the mandatory safety standards in Title 30, Code of Federal Regulations.

Those safety standards included the requirement that a certified person, that is a mine foreman or assistant mine foreman, conduct pre-shift and on-shift examinations. A pre-shift examination had to be conducted of any underground area where any person was scheduled to work or travel. A certified person had to certify that such an exam was completed. An on-shift examination was required to be completed on any section where a person was assigned to work during a shift. A certified person had to certify that the on-shift examination was completed.

Throughout February 2009, Mr. Hasen was employed by Big River Mining, LLC at the Broad Run Mine. In February 2009, Mr. Hasen signed forms that certified that pre-shift and on-shift exams were completed on sections of the Broad Run Mine. The Mine Act required that the pre-shift and on-shift examination forms be maintained by the mine. On each of these certifications, Mr. Hasen falsely listed his foreman's certification number as 36378. Throughout the time that Mr. Hasen used this foreman's number, he knew it was not his number and he knew he was not qualified to perform the examinations or to certify that they had been performed. Mr. Hasen used this number on more than two dozen occasions. In particular, on February 4, 2009, Mr. Hasen signed an on-shift report that

"PLEA AGREEMENT EXHIBIT A"

certified he had properly examined a section of the mine, and falsely listed his foreman's number as 36378 on the on-shift report. He knew at that time that he was not certified to conduct an on-shift examination. He also knew that he was not qualified to certify that the on-shift examination had been completed.

On February 23rd and again on February 25th, 2009, the Broad Run Mine asked Mr. Hasen to produce proof and documentation of his foreman's certificate. He failed to provide such proof and documentation. He did not return to the Broad Run Mine after February 25, 2009.

This Stipulation of Facts does not contain each and every fact known to the United States concerning the scope and effect of Mr. Hasen's conduct, and is set forth for the limited purpose of establishing a factual basis for the defendant's guilty plea.

Stipulated and agreed to:

_____
NEIL A. HASEN
Defendant

3-1-11
Date

_____
MARY LOU NEWBERGER
Counsel for Defendant

1 March 2011
Date

_____
BLAIRE L. MALKIN
Assistant United States Attorney

March 1, 2011
Date

2